UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| News2Share Inc.,<br>4082 Tarpon Lane<br>Woodbridge, VA 22193<br><br>                    Plaintiff,<br><br>          v.<br><br>Independent World Television, Inc.,<br>231 N Holiday Street<br>Baltimore, MD 21202<br><br>                    Defendant. | Case No:<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff News2Share Inc. ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant Independent World Television, Inc. ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*.

2. Plaintiff owns the copyright rights of a video of protestors in Washington D.C. demanding the release of Julian Assange (the "Video") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3. Defendant is a media company which owns and operates a website at domain therealnews.com (the "*Website*").

4. Defendant owns and operates a social media account on YouTube named as @therealnews (the "*YT Account*").

5. Defendant owns and operates a social media account on Twitter named as

1

@TheRealNews (the "*TW Account*").

6. Defendant, without permission or authorization from Plaintiff, actively copied and/or displayed a segment of the Video on the Website, the YT Account, and the TW Account, and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

7. Plaintiff News2Share Inc. is a Delaware corporation and maintains a principal place of business in Prince William County, Virginia.

8. Upon information and belief, defendant Independent World Television, Inc., is a Maryland corporation with a principal place of business at 231 N. Holiday Street, Baltimore in Baltimore City County, Maryland.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

10. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in Maryland.

11. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**A.** **Plaintiff's Copyright Ownership**

12. Plaintiff is a professional videography and media company by trade that is the rightful owner of certain videos which Plaintiff commercially licenses.

13. Plaintiff has invested significant time and money in building Plaintiff's video

portfolio.

14. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's videos while many others are the subject of pending copyright applications.

15. Plaintiff's videos are original, creative works in which Plaintiff owns protectable copyright interests.

16. On October 8, 2022, Plaintiff first published the Video. A copy of a screengrab of the Video is attached hereto as Exhibit 1.

17. On October 27, 2022, the Video was registered by the USCO under Registration No. PA 2-384-143.

18. Plaintiff created the Video with the intention of it being used commercially and for the purpose of display and/or public distribution.

19. In an effort to avoid litigation and conserve judicial resources, on January 23, 2023, Plaintiff, via counsel, served a letter via electronic mail seeking to address the complaints contained herein concerning Defendant's infringement of Plaintiff's rights-protected work, to no avail.

20. Despite notification of its infringing activities, Defendant has continued to utilize Plaintiff's copyright protected work by which the continue use thereof is emblematic of Defendant's willful conduct and has force Plaintiff to seek judicial intervention to address Defendant's unlawful conduct.

B. **Defendant's Infringing Activity**

21. Defendant is the registered owner of the Website and is responsible for its content.

22. Defendant is the operator of the Website and is responsible for its content.

23. The YT Account and TW Account (collectively referred to herein as the *"Accounts"*) are a part of and used to advance Defendant's commercial enterprise.

24. The Accounts are key components of Defendant's popular and lucrative commercial enterprise.

25. Defendant uses the Accounts to promote and draw traffic to its website and social media accounts.

26. The Website and the Accounts are monetized in that they accept and ask for monetary donations as well as sell merchandise and to the public and, upon information and belief, Defendant profits from these activities.

27. On or about October 13, 2022, Defendant displayed a segment of the Video on the YT Account as part of a post at URL: https://www.youtube.com/watch?v=qtfOYeEBouY ("Infringement 1"). A copy of a screengrab of the YT Account including the Video is attached hereto as Exhibit 2.

28. On or about October 13, 2022, Defendant further displayed a segment of the Video on the Website as part of an on-line story at URL: https://therealnews.com/chris-hedges-julian-assanges-persecution-is-the-cias-revenge ("Infringement 2"). A copy of a screengrab of the Website including the Video is attached hereto as Exhibit 2.

29. On or about October 17, 2022, Defendant further displayed a segment of the Video on the TW Account as part of a post at URL: https://twitter.com/TheRealNews/status/1582165060398505984 ("Infringement 3"). A copy of a screengrab of the TW Account including the Video is attached hereto as Exhibit 2.

30. Without permission or authorization from Plaintiff, Defendant volitionally copied and/or displayed a segment of Plaintiff's copyright protected Video on the Website and the

Accounts.

31. Plaintiff first observed and actually discovered Infringements 1, 2, and 3 on October 18, 2022.

32. Upon information and belief, the Video was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Video (hereinafter all of the unauthorized uses set forth above are referred to as the "*Infringements*").

33. The Infringements each include a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5).*

34. The Infringements are each an exact copy of approximately 9 minutes and 30 seconds from Plaintiff's original video that was directly copied and displayed by Defendant on the Website and the Accounts.

35. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website and its Accounts, including, but not limited to, copying, posting, selecting, commenting on and/or displaying images including, but not limited to, Plaintiff's Video.

36. Upon information and belief, Defendant directly contributes to the content posted on the Website by *inter alia*, directly employing reporters, authors and editors as its agents, including, but not limited to, Chris Hedges whose profile on Defendant's Website lists him as a Contributor (the "*Employees*").

37. Upon information and belief, at all material times the Employees were acting within the course and scope of their agency when they posted the Infringement.

38. Upon information and belief, the Video was willfully and volitionally posted to the

Website and the Accounts by Defendant.

39. Upon information and belief, Defendant is not registered as an internet service provider with the USCO pursuant to 17 U.S.C. §512.

40. Upon information and belief, Infringement 1 was not posted at the direction of a "user", as that term is defined in 17 U.S.C. §512(c).

41. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringements on the part of Defendant.

42. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

43. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and its Accounts and exercised, and/or had the right and ability to exercise, such right.

44. Upon information and belief, Defendant monitors the content on its Website and its Accounts.

45. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

46. Upon information and belief, the Infringements increased traffic to the Website and the Accounts and, in turn, caused Defendant to realize an increase in its merchandise sales and monetary donations.

47. Upon information and belief, a large number of people have viewed the unlawful

6

copies of the Video on the Website and the Accounts.

48. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

49. Defendant's use of the Video, if widespread, would harm Plaintiff's potential market for the Video.

50. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

51. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

52. The Video is an original, creative work in which Plaintiff owns a valid copyright.

53. The Video is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

54. Plaintiff has not granted Defendant a license or the right to use the Video in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

55. Without permission or authorization from Plaintiff, and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed a work copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

56. Defendant's reproduction of the Video and display of the Video constitutes willful copyright infringements.

57. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Video in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit,

Plaintiff's original and unique Video without Plaintiff's consent or authority, by using it on the Website and the Accounts.

58. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each of the infringements pursuant to 17 U.S.C. § 504(c).

59. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

60. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

61. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed upon Plaintiff's rights to the Video in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

    a. finding that Defendant infringed upon Plaintiff's copyright interest in and to the Video by copying and displaying it without a license or consent;

    b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b)

       in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each of the infringements pursuant to 17 U.S.C. § 504(c), whichever is larger;

c.     for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d.     for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e.     for pre-judgment interest as permitted by law; and

f.     for any other relief the Court deems just and proper.

DATED: August 11, 2023

**SANDERS LAW GROUP**

By:   */s/ Craig Sanders*
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 127198

*Attorneys for Plaintiff*